PRESENT: Lacy, Hassell, Keenan, Koontz, Kinser, and Lemons, JJ.,
and Stephenson, S.J.

ROBERT JOHN RIGGINS

                                          OPINION BY
v.  Record No. 010501    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                          March 1, 2002
MARY LOU O'BRIEN

              FROM THE COURT OF APPEALS OF VIRGINIA


     In this appeal, we determine whether a provision in a

divorce decree relating to child support is valid and, if so,

its meaning and effect.

                              I

     On October 27, 1998, Mary Lou O'Brien, formerly Mary Louise

Riggins, caused a rule to issue requiring Robert John Riggins to

show cause why he should not be held in contempt of court for

failing to pay child support according to a June 12, 1991 decree

of the Circuit Court of Fairfax County (the 1991 Decree).  On

September 15, 1999, the trial court entered a decree finding

Riggins in contempt of court and awarding judgment against him

for child support arrearages.

     Riggins appealed the decision, and, on December 12, 2000,

the Court of Appeals affirmed the trial court's judgment.

Riggins v. O'Brien, 34 Va. App. 82, 538 S.E.2d 320 (2000).  We

awarded Riggins this appeal, concluding that the case involves a

matter of significant precedential value.  See Code § 17.1-

410(B).

The parties, before entry of the 1991 Decree granting them a divorce, negotiated an agreement respecting support of their four minor children.  The agreement was submitted to the trial court for its consideration, and the court approved it and set forth its terms in the 1991 Decree as follows:

> ADJUDGED, ORDERED AND DECREED, by agreement of the parties, that the Cross-Plaintiff, ROBERT JOHN RIGGINS, as and for the support and maintenance of the parties' minor children, shall pay unto the Plaintiff, MARY LOUISE RIGGINS, the sum of Three Thousand Two Hundred Fifty Dollars ($3,250.00) per month on the first day of each month hereafter, commencing on July 1, 1991, and continuing thereafter until said children shall attain the age of eighteen (18) years, marry, become self-supporting, become otherwise emancipated, or die, whichever should first occur . . . ; provided, however, that the amount payable hereunder shall be renegotiated or submitted to a court for adjudication on the first event of emancipation, as set forth above, as to each child . . . .

Riggins made the child support payments as decreed until August 1992, when the parties' eldest child reached the age of eighteen.  At that time, Riggins reduced the amount of child support by one-quarter.  In 1996, the parties' second oldest child, who was just nine months from her eighteenth birthday, dropped out of high school, left home, and moved into a condominium.  Riggins determined that this child was emancipated, and he reduced the amount of child support by

another one-quarter.[1] The parties did not obtain court approval for these reductions.

The trial court determined that the provision in the 1991 Decree respecting renegotiations of child support was void ab initio. The court further held that Riggins was in contempt of court and that he was liable for child support arrearages in the amount of $85,332.94, plus pre-judgment interest in the amount of $20,805.05.

### III

We must determine the validity, meaning, and effect of the provision in the 1991 Decree which states that the amount payable for child support "shall be renegotiated or submitted to a court for adjudication on the first event of emancipation, as set forth above, as to each child." Riggins contends that, even if the divorce court erred in permitting the parties to renegotiate child support, the provision is not void, but merely voidable. Therefore, he asserts, pursuant to Rule 1:1, the decree became final and unassailable after the expiration of 21 days from the date of entry. O'Brien, on the other hand, contends that the provision is void ab initio and, therefore, is subject to collateral attack at any time. As previously noted,

---

[1] Although O'Brien contends that she did not participate in any negotiations respecting these reductions, the record is clear that she made no objections thereto and continued to receive the reduced payments for over six years.

3

the Court of Appeals affirmed the trial court's decision, concluding that the provision is "void and ineffective" because it permitted the parties to modify the child support amount without court scrutiny and approval. Riggins, 34 Va. App. at 91-92, 538 S.E.2d at 324-25.

A divorce court is authorized by statute to decree what it deems expedient concerning custody and support of the parties' minor children. Code § 20-107.2. Thereafter, the court may, from time to time, "revise and alter such decree . . . as the circumstances of the parents and the benefit of the children may require." Code § 20-108. However, "[n]o support order may be retroactively modified." Id.

Our decisions have firmly established that any modification of child support is a matter that rests exclusively with a divorce court and that a court may modify only future support payments. See, e.g., Fearon v. Fearon, 207 Va. 927, 154 S.E.2d 165 (1967); Cofer v. Cofer, 205 Va. 834, 140 S.E.2d 663 (1965); Newton v. Newton, 202 Va. 515, 118 S.E.2d 656 (1961). In Newton, we stated the following:

> [I]t is the obligation of the divorced husband to pay the specified amounts according to the terms of the decree and . . . he should not be permitted to vary these terms to suit his convenience. In such a decree the required payments are fixed according to the needs of the child or children and the ability of the husband to pay. Should these vary, from time to time, and warrant a change in the terms of the decree

4

> favorable to the husband, his remedy is to apply to
> the court for such relief.

202 Va. at 519, 118 S.E.2d at 659.  More recently, in Kelley v. Kelley, 248 Va. 295, 298, 449 S.E.2d 55, 56 (1994), we said that "parents cannot contract away their children's rights to support nor can a court be precluded by agreement from exercising its power to decree child support."  Accord Featherstone v. Brooks, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979); Carter v. Carter, 215 Va. 475, 481, 211 S.E.2d 253, 258 (1975).

The responsibility of a divorce court to review child support amounts is necessary to ensure that the child's welfare is adequately addressed and protected given the circumstances of the parents.  With the exception of terminating a non-unitary support award upon achieving majority, specifying future changes in the amount of child support is inappropriate because it does not allow the divorce court to determine child support based on contemporary circumstances.

We now consider the challenged provision of the 1991 Decree.  We begin our analysis by recognizing the well-established principle that all trial court rulings come to an appellate court with a presumption of correctness.  See Mack v. Commonwealth, 177 Va. 921, 929, 15 S.E.2d 62, 65 (1941).  Thus, we will not invalidate a court's decree unless the only reasonable interpretation thereof requires invalidation.

5

In the present case, the parties negotiated an agreement respecting child support, and they submitted their agreement to the court for its consideration and approval as required by our statutes and decisions. We think it logically follows that, when the court said child support could be renegotiated, the court meant that, upon agreement of the parties, a consent decree could be presented to the court for entry or, in the event that the parties could not reach an agreement, the court would adjudicate the matter and enter an order reflecting its determination. Further, our conclusion is consistent with the fact that the court did not expressly dispense with the requirement of court approval. Therefore, as was the case with the original negotiation, any renegotiation would be subject to court approval. We think this requirement is implicit in the divorce court's decree.

Therefore, we hold that the 1991 Decree is valid and that, because the parties did not obtain court approval of their renegotiations, Riggins is obligated to pay the arrearages and interest as determined by the trial court. Although we reject the Court of Appeals' finding that the 1991 Decree is void ab initio, we, nonetheless, agree with the result reached by the Court.[2]

_____

[2] The trial court found Riggins in contempt of court, but did not impose any sanctions. Riggins did not appeal the

Accordingly, the judgment of the Court of Appeals will be affirmed.

Affirmed.

JUSTICE KOONTZ, with whom JUSTICE KINSER joins, dissenting.

I respectfully dissent.  As reflected in the majority opinion, the focus of this appeal is the provision in the trial court's 1991 decree which states, in accord with the parties' agreement, that the amount payable for child support "shall be renegotiated or submitted to a court for adjudication on the first event of emancipation . . . as to each child."  (Emphasis added).  The parties had four minor children and their agreement identified the emancipation events as "attain the age of eighteen (18) years, marry, become self-supporting, become otherwise emancipated, or die, whichever shall first occur."

I have no quarrel with the majority's rejection of the Court of Appeals' finding that this provision is void.  It is not void because as written it does not prevent the court from modifying the child support award pursuant to Code § 20-107.2, permit a retroactive modification of the child support award in violation of Code § 20-108, or violate any public policy.  And, in passing, I should mention that indeed the Court of Appeals

---

contempt ruling to the Court of Appeals, and, therefore, the court did not address the matter.  Thus, the contempt ruling is not before us.

7

might likely now agree that this provision is not void in view of its most recent decision in Shoup v. Shoup, 37 Va. App. 240, ___ S.E.2d ___ (2001) (en banc) (former husband and former wife not required to obtain court approval before reducing child support pursuant to child support agreement incorporated into divorce decree).

I disagree, however, with the majority's conclusion that it is "implicit" in the trial court's decree that any renegotiation of the amount of child support for the parties' unemancipated children "would be subject to court approval." The express language of the court's decree dictates the opposite conclusion. The court's decree expressly directs the parties to renegotiate the amount of the child support award upon the happening of specific emancipation events. Those emancipation events are not inconsistent with the best interests of a child, do not violate any law, and their occurrence is reasonably ascertainable. Moreover, their occurrence in this case with regard to two of the parties' children is not disputed. The court's decree further expressly provides, by the use of the word "or," that, in the absence of successful renegotiations, the amount of the child support award is to be "submitted to a court for adjudication." The majority effectively converts the disjunctive "or" into the conjunctive "and."

8

Because the court's 1991 decree is not void, the parties were not merely required to adhere to its provisions, but they also were entitled to rely upon its provisions.  Thus, the issue in the case is whether the parties renegotiated the amount of child support consistent with the provisions of the court's decree.  Mr. Riggins asserted in the trial court that he renegotiated the amount of child support due under the provisions of the decree and Mrs. O'Brien contended otherwise, even though she made no objection to the amounts paid to her and received those amounts for over six years.  The trial court, however, did not resolve that issue and the Court of Appeals held that whether the parties renegotiated the child support upon a child's emancipation "is not dispositive of the legal issues presented."  Riggins v. O'Brien, 34 Va. App. 82, 87, 538 S.E.2d 320, 322 (2000).

Accordingly, I would reverse the judgment of the Court of Appeals and remand the case with instructions that it remand the case to the trial court to determine whether the parties in fact renegotiated the amount of child support as directed and permitted by the trial court's 1991 decree.