COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia

LARRY J. NEUHS

MEMORANDUM OPINION[*] BY
v. Record No. 0187-02-3     JUDGE RUDOLPH BUMGARDNER, III
OCTOBER 8, 2002
DENISE D. NEUHS

FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
George E. Honts, III, Judge

Thomas C. Spencer (Thomas C. Spencer, P.C.,
on brief), for appellant.

M. Teresa Harris for appellee.

Larry J. Neuhs appeals a final divorce decree arguing
essentially the evidence does not support the trial court's
equitable distribution award. He assigns as error the failure
to credit him with post-separation payments made on marital debt
and pre-martial contributions to the acquisition of marital
property. He also contends the trial court erred in classifying
certain property, in increasing spousal support, and in failing
to rule on whether the trial court failed to review the
evidence. Finding the trial court did not err, we affirm.

We view the evidence and the reasonable inferences in the
light most favorable to the wife, the prevailing party below.

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

<u>Joynes v. Payne</u>, 36 Va. App. 401, 411-12, 551 S.E.2d 10, 15 (2001).  The parties married in 1979 and had two children.  They separated in July 1993, but the wife did not move out of the marital residence until June 1997.  She filed for divorce on April 24, 1997.

The trial court referred issues of equitable distribution and spousal support to a commissioner in chancery.  The commissioner held two hearings, December 8, 1999 and April 14, 2000, considered the depositions and answers to interrogatories, and issued three separate reports.

For purposes of equitable distribution, the commissioner accepted July 7, 1993 as the parties' separation date.  The commissioner awarded the husband credit for post-separation payments of principal on marital debt related to the purchase of the marital residence and Franklin County property.  He did not give the husband credit for a pool loan, a van loan, or payments of interest on approved loans.  The commissioner classified furniture the wife received from her grandmother during the marriage and a parrot the husband purchased after 1993 as her separate property.  The commissioner classified crystal and china the husband acquired during the marriage as marital property.  He awarded the wife $125 monthly spousal support.

The trial court adopted nearly all of the commissioner's findings of fact in its December 27, 2001 final decree of

-

divorce.  The court's only deviation was to increase the spousal support award to $200 after an <u>ore</u> <u>tenus</u> hearing on this issue.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  <u>Srinivasan v. Srinivasan</u>, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).  We give "great weight" to the factual findings of the commissioner approved by the trial court and do not assess either the credibility of the witnesses or the probative value given to their testimony.  <u>Cooper v. Cooper</u>, 249 Va. 511, 518, 457 S.E.2d 88, 92 (1995).

The husband contends the trial court erred in not awarding him full credit for post-separation payments of principal and interest on marital debt.[1]  He maintains the parties had a financial agreement in 1993, memorialized in a 1997 agreed order, which required that he be credited for interest as well as principal payments.

The parties did not sign a written agreement in 1993. <u>Flanary v. Milton</u>, 263 Va. 20, 23, 556 S.E.2d 767, 769 (2002) (property agreement between parties must be in writing and signed by the parties).  A juvenile and domestic relations court

---

[1] The husband submits that he paid more than $84,000 between the parties' separation and May 2001, and claims credit for $42,387.18.  The trial court used the evidence submitted at the April 14, 2000 hearing before the commissioner.

agreed order dated June 4, 1997, was endorsed by counsel but not signed by the parties. It stated that the husband "will make timely payments on all marital debts of the parties, and the total amount of his payments of such debts will be taken into consideration upon full settlement of the property matters between these parties or equitable distribution between them."

The agreed order provides that the husband's "payment of such [marital] debts" was to be "taken into consideration." The order does not mandate that he be given credit for everything he claims. It merely states that his payments will be considered. The order required nothing more.

The commissioner carefully considered the evidence and found that the husband had sufficiently traced his use of separate funds to pay $17,698.68 in principal only on approved loans. The husband failed to provide documentation for all his loan transactions and failed to allocate between principal and interest. Code § 20-107.3 does not require that the husband be given a dollar for dollar credit for his post-separation payments. von Raab v. von Raab, 26 Va. App. 239, 249-50, 494 S.E.2d 156, 161 (1997). The record established that the husband retained use of the marital residence and after June 1997 such use was exclusive. We cannot say the ruling is plainly wrong or unsupported by the evidence.

The husband contends the trial court erred in failing to accept his evidence regarding other loans transactions. In

-

1994, the parties signed loan documents to borrow money to build a pool. The pool was never built. The husband testified he used the pool loan funds to pay for the wife's "whims" and other marital expenses. He offered no independent documentation to support this argument. The wife testified she believed the money had not been borrowed because the pool was never built. She discovered during this litigation that the husband had borrowed the money but did not know how he spent it. The trial court did not err in finding that the husband did not prove as a matter of law that the pool loan constituted marital debt.[2]

On January 14, 1994, the husband borrowed $6,363 from First Union to pay for a van the wife drives. The wife took over the bank payments in 1997. The bank closed the loan January 25, 1999. The commissioner ordered the wife to pay $1,500 to the husband for the van and to take over the outstanding indebtedness. The husband contends the trial court erred in finding there was an outstanding debt to the bank for the van. If there were an outstanding balance, the wife should have paid it. There is no error in ordering her to pay it.

The husband contends the court erred in failing to include a $6,500 loan from his parents as marital debt. The husband claims he borrowed $6,500 from his parents in 1994 to make the

_____

[2] For these same reasons, we reject the husband's argument that the trial court erred in failing to account for a November 1994 $2,500 "fish tank" loan.

-

loan payments to the bank for the van. He submitted evidence that there was a balance of $1,300 on the van loan to his parents yet testified that he still owed them the entire amount, $6,500. We cannot say the court erred in finding the husband failed to prove the $6,500 loan from his parents or that any such loan was marital debt.

The husband testified he borrowed $1,000 from his parents for a water softener. The trial court valued the water softener loan as $500 marital debt. The husband contends the court erred in reducing the loan by $500. There is no independent evidence regarding this loan. The commissioner found that the loan benefited the marital residence and its value was considered in the appraisal. Based on the record before us, we cannot say the court's accounting for this loan was erroneous. See von Raab, 26 Va. App. at 249-50, 494 S.E.2d at 161.

The husband claims the court erred in failing to award credit for separate funds he used to purchase real estate during the marriage. Under Code § 20-107.3(A)(3)(a), he has the burden to prove the funds were not marital property. In order to do this, the husband had to "(1) establish the identity of a portion of hybrid property and (2) directly trace that portion to a separate asset." Rahbaran v. Rahbaran, 26 Va. App. 195, 208, 494 S.E.2d 135, 141 (1997) (citing Code § 20-107.3(A)(3)(d)-(f)).

-

The husband maintains he used separate funds ($25,000) to buy the land on which the marital residence is built and ($37,000) to buy property in Franklin County. The husband owned a trailer in North Carolina when the parties married. He contends he used the proceeds from the sale of the trailer to purchase another home in North Carolina. He also contends he used the proceeds from the sale of that house to purchase the property on which the marital residence was built. Finally, he points to a series of bond transactions in his name alone after 1979 to establish that he consolidated pre-marital debt in 1981 and had $51,000 of separate funds.

The trial court found that the husband failed to overcome the presumption that the funds used to purchase the marital property were marital. The record fails to show with any precision the amount of separate assets that comprised a part of the purchase price of the marital property. When the court cannot determine the exact amount of separate funds used to purchase marital property, the funds are commingled and become marital. Gilman v. Gilman, 32 Va. App. 104, 122, 526 S.E.2d 763, 772 (2000). Accordingly, the trial court did not err in finding that the husband failed to meet his burden of tracing his separate portion of the parties' real property.

The essence of the husband's arguments is that the trial court did not credit his evidence and did not explain each

conclusion it reached.[3]  While the trial court must consider all of the statutory factors of Code § 20-107.3 in fashioning an equitable distribution award, it "is [not] required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors."  Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).  In this case, the trial court accepted the commissioner's findings of fact and his explanations for the credit awarded the husband for loan payments.  See von Raab, 26 Va. App. at 249-50, 494 S.E.2d at 163.  We cannot say these determinations are plainly wrong or without credible evidence to support them.

The husband contends the trial court erred in classifying the wife's marital property as separate property and in classifying his separate property as marital property.  The wife testified that furniture she received from her grandmother[4] was a gift to her for her "devotion" and loving care of her grandmother.  Two letters from her uncle corroborate her explanation.  The commissioner also classified a parrot the husband purchased after the parties separated as wife's separate

---

[3] The evidence supports the trial court's valuation of the martial residence.  The husband's challenge to the appraisal value accepted is without merit.

[4] The husband also contests the court's classification of dining room furniture as the wife's separate property.  The wife's father testified that he gave the dining room furniture to her before he got married in May 1979.  Therefore, this furniture is the wife's separate property because she received it before the marriage.

property.  He noted that the husband meant it to be a completed gift to the wife and had no love for the parrot.  The wife presented sufficient credible evidence to rebut the presumption that her grandmother's furniture and the parrot were marital property.  Code § 20-107.3; Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987).

On the other hand, the husband's family gave him crystal and china during the marriage that the commissioner classified as marital property.  A February 3, 2001 letter from his mother states that she gave the gift, but does not indicate that it was intended for the husband alone.  The letter does not rebut the presumption that the china was marital property.  The trial court did not err in classifying it as marital property.

The commissioner awarded the wife $125 per month in spousal support.  The trial court heard evidence ore tenus on July 18, 2001 on that one issue and increased spousal support to $200 per month.  The record does not contain a transcript of that hearing.  The husband failed to provide an adequate record that permits us to "determine whether the lower court erred in the respect complained of."  Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).  We presume the trial court's judgment is correct and affirm it.

Throughout this appeal, the husband has argued that the trial court's judgment is either plainly wrong or is not

-

supported by credible evidence. Until the contrary is shown, we presume the court acted properly. Riggins v. O'Brien, 263 Va. 444, 448, 559 S.E.2d 673, 675 (2002). The husband, however, went so far as to speculate that the trial court did not review the record before accepting the commissioner's report. On February 8, 2002, he filed a notice that he would request the trial court to admit whether it had reviewed the entire record in this case. The court declined to consider the notice.

An order becomes final 21 days after its entry unless vacated or suspended by the court during that time. Rule 1:1. The husband filed his notice February 8, 2002, well beyond 21 days after entry of the final order, December 27, 2001. The trial court had no jurisdiction to act on the proposed motion, Zhou v. Zhou, 38 Va. App. 126, 132, 562 S.E.2d 336, 339 (2002), and did not err in refusing to consider it.

The wife requests an award of attorney's fees relating to this appeal. Upon consideration of the entire record, we find that the wife should be compensated for the reasonable costs and fees incurred in defending this appeal. O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). We, therefore, remand this case to the trial court solely for a determination of those costs and fees to include fees and costs incurred on remand to determine and collect this award.

For the foregoing reasons, we affirm the judgment of the trial court and remand for further proceedings consistent with this opinion.

Affirmed and remanded.