# CIRCUIT COURT OF FAIRFAX COUNTY

William R. Hicks, III

v.

Susan W. Hicks

September 29, 2008

Case No. CL-2008-3675

BY JUDGE GAYLORD L. FINCH, JR.

The parties entered into a Parenting, Support, and Property Settlement Agreement on February 14, 2002. The agreement was ratified, affirmed, and incorporated into the Final Decree of Divorce, entered December 8, 2003. The parties have resolved their disputes over claims for reimbursement of the children's extra-curricular and curricular activity expenses, daycare expenses, and unreimbursed medical expenses. The issues now are the claim for retroactive child support, made by the Defendant, and the claim for attorney's fees, made by the Defendant and the Plaintiff, for bringing this action.

*Opinion*

The issues in this case can be broken down by the following five questions: (1) Did the Plaintiff and Defendant misrepresent their income from 2003 until the present? (2) Should support be awarded retroactively? (3) What were the parties' incomes in the years in question in order to determine child support retroactively? (4) What are the parties' incomes now and what should the amount of support be going forward? (5) Who, if anyone, should be awarded attorney's fees?

*(1) Did Plaintiff and Defendant Misrepresent Their Income from 2003 until the Present? and (2) Should Support Be Awarded Retroactively?*

The first issue is whether or not the Plaintiff and/or the Defendant misrepresented their income at any point between 2003 and the present. The parties Parenting, Support, and Property Settlement Agreement ("Agreement") from February 14, 2002, states in 4(1) that with respect to future modifications "each party agrees to promptly inform the other of any change in his or her income and in the cost of day care. Either party may at any time request a recalculation of child support based upon a substantial change in circumstances." 18(c) of the Agreement states, "If either party substantially misrepresents his or her income for the purposes of a spousal and/or child support determination, the support figure shall be recalculated retroactive to the date at which the correct information would have lead to a different support figure."

Based on the tax returns submitted with the Defendant's closing argument, it is clear that the Plaintiff failed to disclose substantial increases in income in 2004 and in 2006. The Plaintiff's child support obligation was different from what was agreed to in the Agreement for every year from 2003 until the present.

Plaintiff's defense is that he did not knowingly misrepresent his income. First, 18(c) of the Agreement does not require a knowing misrepresentation. The Agreement states, if either party substantially misrepresents their income for child support purposes, child support payments can be recalculated retroactively. Second, the Plaintiff's argument that he was unaware his capital gains and other sources of income other than his wages, tips, and compensation, were to be factored in for child support payments are unpersuasive. Plaintiff's employment background makes it difficult to believe he did not know other income sources, other than his wages, tips and compensation, were relevant for child support calculations.

Section 20-108.2(c) of the Code of Virginia defines gross income as, "income from all sources. . . ." Based on the definition of gross income, it is clear that the Plaintiff misrepresented his income for at least 2003, 2004, and 2007. Again, whether this was a knowing misrepresentation or not is irrelevant based on the language of the parties' Agreement. Plaintiff is, however, entitled to deductions of reasonable business expenses to offset his capital gains.

Also, under the definition of "gross income," it is clear that bonuses, stock grants, interest income, dividends, and capital gains are to be included, as are gifts even though any type of gift is irregular income that may or may

not extend into the future, including any inheritance whether by will or intestate succession. *Goldhamer v. Cohen*, 31 Va. App. 728, 525 S.E.2d 599 (2000). Capital gains are clearly incorporated into gross income and should be included when determining gross income for the purpose of determining child support obligations.

Additionally, based on the work done to come to the original agreement with Mr. Larry Gaughan, it is clear that Plaintiff would have had to realize the figure agreed upon included more than just his salary ("earned income"). Plaintiff asserts that, based on deviations in other areas, it was understandable for Plaintiff not to think capital gains were included. This argument is unpersuasive based both on the parties' interaction with Larry Gaughan in determining the original numbers and that the Agreement does not require a knowing misrepresentation, but rather only requires a substantial misrepresentation, which the Court believes occurred when the Plaintiff failed to disclose his capital gains income.

Based on the Plaintiff's misrepresentation of his income and the language of the parties' Agreement, it is clear that a retroactive recalculation of child support is necessary.

Plaintiff argues that the Defendant misrepresented her income as well. Defendant's response is that she feels she complied with paragraph 5(f) of the Agreement. Defendant interprets paragraph 5(f) as only requiring her to inform Plaintiff of change in her income, not the amount of the change. However, that is a very strained argument. Plaintiff even admits at trial, before later attempting to clarify, that change in income meant change in the amount of income. Thus, Defendant had a duty to inform Plaintiff of the amount of change in income. The provision would not make sense otherwise. Plaintiff could not determine if a substantial change of circumstances had taken place without knowing the amount of the change in Defendant's income.

While Defendant is correct that the Agreement seemingly does not contain an "unclean hands" defense, that is only relevant to whether or not a defense exists for Plaintiff's misrepresenting his income. The lack of an "unclean hands" defense does not prevent the Court from finding the Defendant also misrepresented her income and such misrepresentations should be taken into account jointly with Plaintiff's misrepresentations when recalculating child support.

Plaintiff asserts that Defendant misrepresented her income since 2004. Plaintiff correctly argues that Defendant misrepresented her income for the years in question. Defendant did acknowledge at times to Plaintiff that she had received increases in income but she never disclosed the amount of the change in income, which the Agreement requires under the only reasonable interpretation.

Plaintiff admitted at trial she received a job in 2004 that paid $110,000 but she did not tell the Plaintiff what her salary was. (Transcript p. 100.) Plaintiff did e-mail Defendant to ask what her salary was for 2004 until over three years later, though the parties' Agreement did require a response within fifteen days. Defendant also failed to respond to a request in 2006 from Plaintiff asking her what her income was. (Defendant's Ex. 2.) Defendant also failed to disclose her capital gain of $35,000 in 2005 until 2007. (Transcript p. 153.) Defendant admitted at trial that she did not tell Plaintiff about her income changes because she was afraid he would use the information to recalculate child support. (Transcript p. 114.)

There is ample evidence that Defendant also failed to comply with the terms of paragraph 18(c) of the parties' Agreement. There also seems to be an issue over whether or not 18(c) allows the parties to determine child support retroactively to the years where misrepresentations occurred or only once Defendant filed a motion against Plaintiff.

It has been established that "the trial court must base an award of child support on contemporaneous events." *Keyser v. Keyser*, 2 Va. App. 459 (1986). "Moreover, it is well established that 'a court may modify only future support payments'." *Wolfe v. Arthur*, 2008 Va. App. LEXIS 135, March 18, 2008, citing *Riggins v. O'Brien*, 263 Va. 444, 447 (2002).

*Wolfe* found that the trial court erred when it *impermissibly* modified a child support obligation on a retroactive basis. The question here is whether or not it is permissible for this Court to retroactively award child support, and, if so, can it be done on an annual basis or must it be done only upon the Defendant's motion. Plaintiff argues *Wolfe* prevents Defendant from seeking an annual modification because she could have filed a motion to modify support. However, the Court does not find this argument persuasive when Plaintiff did not provide Defendant with the correct information, such that Defendant knew it was necessary to recalculate support based on a substantial change in circumstances.

The Court does find the Plaintiff's arguments persuasive that Defendant is also responsible for her misrepresentations to the Plaintiff. However, the Court is also persuaded that paragraph 18(c) of the agreement should be applied even if the Plaintiff did not make a knowing misrepresentation. Even if the Court finds Plaintiff's misrepresentations were not knowing, paragraph 18(c) does not require a knowing misrepresentation. Thus, Plaintiff's misrepresentations can be used to recalculate child support retroactively.

In *Shoup v. Shoup*, 37 Va. App. 240, 556 S.E. 2d, 783 (2001), the Virginia Court of Appeals ruled that parties have the legal authority to put self-enforcing clauses in their written agreements. Those clauses are valid if

the Agreement is in the best interest of the children, the Agreement does not prevent the Court from exercising its power to modify or enforce its decree concerning the support amount, and the Agreement cannot terminate the parents' duty to support a child. There is no evidence or suggestion that paragraph 18(c) violates any of those provisions.

A Virginia Circuit Court has ruled retroactive adjustment of temporary child and spousal support awards were warranted, even though retroactive modification appeared at first glance to be forbidden by statute, because one party's commission of an intrinsic fraud on the court by underreporting annual income, providing income tax returns that did not contain reliable information, and reporting unrealistic figures, authorized the trial court to retroactively adjust those awards to prevent a manifest injustice from occurring, especially since the evidence viewed without the fraud showed that there was an ability to pay increased support. *Moorman v. Moorman*, 62 Va. Cir. 497, 2003 Va. Cir. LEXIS 276 (Roanoke 2003). This Court believes the misrepresentations in this case, like the above cited case, allow for the award of retroactive child support and allow said award to be applied retroactively on an annual basis.

Additionally, even though there is an Agreement in this case, the Court is not bound to follow the agreement, but rather its paramount concern is the best interest of the child.

Based on the evidence in the record and the legal authority pertinent to this action, the Court finds that both the Plaintiff and the Defendant misrepresented their income. The Court further finds that such misrepresentations require a recalculation of child support. The Court further finds that support should be determined retroactively prior to the filing of this claim and that support should be modified in each year, beginning with 2003.

(3) *What Were the Parties' Incomes in the Years in Question in Order to Determine Child Support Retroactively?* (4) *What Are the Parties' Incomes Now and What Should the Amount of Support Be Going Forward?*

The most significant dispute between the parties with respect to determining income and child support obligations are whether or not the Plaintiff has appropriately deducted business losses from his capital gains, which would affect the amount of support he would owe the Defendant.

Section 20-108.2 states that "gross income shall be subject to deduction of reasonable business expenses for persons with income from self-employment, a partnership, or a closely held business. . . ." This statute provides that capital gains are income. Defendant argues that the Code does not provide that capital losses unrelated to the loss are debits against the capital gain.

While neither the Code nor case law definitively support the interpretation of either the Plaintiff or the Defendant, it has been the view of this Court to take into account the capital losses of a party either be looking at the net figures or by deviating from the support guidelines. Additionally, courts are to emphasize including, not excluding income, when determining child support. *Howe v. Howe*, 30 Va. App. 207 5126 S.E.2d 240 (1999).

A parent seeking a deduction of reasonable business expenses from gross income bears the burden of proving his entitlement to those deductions to the satisfaction of the trier of fact. *DeTuncq v. DeTuncq*, No. 1433-00-2, 2001 Va. App. LEXIS 248 (Va. App. May 8, 2001). The testimony by the Plaintiff (Transcript pp. 142-47) and the bank statements and tax returns that he provided, meet the burden of proving his entitlement to the reasonable business expense deductions that would offset the capital gains the Plaintiff realized.

Once one parent offers evidence of the other's gross business revenue, the burden shifts to the other to offer evidence of a different gross amount, if the figure provided is disputed, and of the amount of reasonable business expenses to be deducted from gross income. *DeTuncq v. DeTuncq, supra*. The Defendant has not provided any evidence that the Defendant did not take deductions for reasonable business expenses.

In this case, the Court is persuaded to apply the guidelines in § 20-108.2 and uses the net figure offset between the Plaintiff's capital gains and capital losses for each year since the Agreement was made. The guidelines calculations should also include the income and capital gains realized by the Defendant in any year since the Agreement was made.

The Court is satisfied with the figures provided by the Plaintiff. These figures take into account the wages, capital gains, and other sources of income for both the Plaintiff and the Defendant. Additionally, it recognizes the net figure resulting from subtracting capital losses from capital gains, which the Court finds to be appropriate in this case.

The monthly obligation for January 2004 through December 2004, applied retroactively, is $1,485. The monthly obligation for January 2005 through December 2005, applied retroactively, is $1,883. The monthly obligation for January 2006 through December 2006, applied retroactively, is $1,123. The monthly obligation for January 2007 through December 2007, applied retroactively, is $2,423. The monthly obligation for January 2008 through the present is $1,297.

The Court finds that the above payment schedule should be applied retroactively based on the misrepresentations of both the Plaintiff and the Defendant. The Court finds authority in its ruling in both the best interest of the child standard and in paragraph 18(c) of the parties' Agreement.

*(5) Who, If Anyone, Should Be Awarded Attorney's Fees?*

Defendant seeks payment of attorney's fees for the bringing of this motion to determine child support retroactively and going forward. Defendant also seeks attorney's fees for filing suit for Plaintiff to pay his *pro rata* share of her unreimbursed medical expenses, agreed upon curricular and extra-curricular activities, and work related child care expenses. Since the issues regarding the unreimbursed expenses have been resolved through an agreement reached between the parties on August 11, 2008, Plaintiff argues attorney's fees should be denied with respect to unreimbursed expenses.

The Court agrees with the Plaintiff with respect to attorney's fees for unreimbursed expenses. The request for attorney's fees by Defendant for the bringing the suit over those issues is denied.

The issue of attorney's fees with respect to this motion, for retroactive and future determination of child support, is the only issue left to resolve. The Plaintiff and the Defendant both reference paragraph 17(b) in support of their respective requests for attorney's fees.

Paragraph 17(b) of the parties' Agreement states, "In the event either party breaches this agreement and a judicial determination is entered in favor of the other party, the party who does not prevail agrees to pay all of the counsel's fees and other costs incurred in the matter by the prevailing party."

The Court has found that the Plaintiff violated the Agreement through an award of retroactive child support payable to the Defendant by the Plaintiff. However, the Court has also ruled that the Defendant breached the agreement by misrepresenting her income as well.

The Court views the rulings in this case as judicial determinations in favor and against both the Plaintiff and the Defendant. As a result, the Court is not awarding either party attorney's fees pursuant to paragraph 17(b) of the agreement. The Court finds that each party should be responsible for their own attorney's fees.

## Order

For the reasons articulated in the Court's accompanying Letter Opinion, it is hereby ordered that Defendant's Motion to Recalculate Child Support is granted in part and denied in part and that Plaintiff's and Defendant's Motions for attorney's fees are both denied.