COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Petty and Alston
Argued at Richmond, Virginia


RONNIE DARIN WATSON

MEMORANDUM OPINION[*] BY
v.      Record No. 2452-08-2                    JUDGE WILLIAM G. PETTY
                                                JULY 21, 2009

MIRONDA BAKER WATSON


FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
Samuel E. Campbell, Judge

H. Otis Brown for appellant.

No brief or argument for appellee.


On September 16, 2008, the trial court entered a final decree granting a divorce to the

parties and directing Ronnie Darin Watson, husband, to designate the parties' minor child as

beneficiary of his life insurance policy. Subsequently, husband filed a motion to stay the final

decree and a petition to rehear. The trial court denied both, and husband appealed. On appeal,

husband argues that the trial court erred by failing to modify the final decree because the final

decree, which was entered in his absence, requires him to make the only child born of this

marriage the sole beneficiary to his life insurance policy to the exclusion of his other two

children from a separate relationship. For the following reasons, we affirm.

I. BACKGROUND

On July 7, 2008, Mironda Baker Watson, wife, filed for divorce on the grounds that she

and her husband had lived separate and apart for twelve months. In her complaint, she requested

that the court order her husband to designate their son as beneficiary of his life insurance policy.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In his answer, husband stated that he was willing to designate the parties' son as beneficiary to his life insurance policy, along with his two other biological children.

On September 3, 2008, wife gave husband notice that she would appear before the trial court to present the final decree to the judge at 12:00 p.m. on September 16, 2008. On that date wife was present but husband and husband's attorney failed to appear. According to the statement of facts filed by husband's attorney, he was late in arriving at the hearing. Husband argued in his motion to stay the final decree that both he and his attorney were "unavoidably delayed." However, according to the trial court's notation on the final decree and the trial court's statement of facts, neither husband nor his counsel were present at all on September 16, 2008.[1] The trial court entered the final decree without husband's endorsement.

On September 26, 2008, husband filed a petition to rehear and a motion to stay. Husband scheduled a hearing on those motions for October 1, 2008 at 2:00 p.m. Husband did not coordinate the hearing date with wife or her counsel and, because wife's counsel was unavailable on that date, the trial court refused to hear husband on his motion. According to the statement of facts, his petition for rehearing was denied. However, the record does not contain any order to that effect.

On October 3, 2008, husband filed a notice of hearing and a second motion to stay with the clerk's office and sent a copy of each to wife. While husband's statement of facts indicates the trial court denied this motion, no such order is included in the record. On October 13, 2008, husband filed his notice of appeal to this Court and argued that the trial court erred when it denied his motion to rehear.

_____

[1] There were two separate statements of facts signed by the trial court and filed as a part of the record. The statement entitled Court's Statement of Facts added this fact to the statement filed by the husband.

II. ANALYSIS

Husband argues that the trial court erred in denying his petition to rehear because the final decree required him to exclude as beneficiaries of his life insurance policy his two children born of a different relationship. He claims that "[i]t is patently and facially unfair for this or any Court to disenfranchise two (2) of three (3) children of any birthright or insurance proceeds arbitrarily and without good or just grounds."

We note that, on appeal, husband presents us with a woefully inadequate record. While the written statement of facts mentions that the motion was denied, there is nothing in the record to support that statement. Anonymous B v. Anonymous C, 51 Va. App. 657, 672, 660 S.E.2d 307, 314 (2008) ("A trial court 'speaks through its orders . . . .'" (quoting McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997))). Furthermore, even if we assume that the trial court did deny the motion, we do not have before us any explanation of why the trial court did so.

Despite these deficiencies in the record, husband asks us to reverse a judgment that is within the sound discretion of the trial court, Hughes v. Gentry, 18 Va. App. 318, 326, 443 S.E.2d 448, 453 (1994) (citing Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986)), and which is presumed to be correct, Riggins v. O'Brien, 263 Va. 444, 448, 559 S.E.2d 673, 675 (2002) ("recognizing the well-established principle that all trial court rulings come to an appellate court with a presumption of correctness"), without providing any indication that the trial court abused its discretion. This we will not do.

"As appellant, husband had the responsibility of providing this Court with an appropriate appendix and record." Robinson v. Robinson, 50 Va. App. 189, 197, 648 S.E.2d 314, 317 (2007) (citing Rule 5A:20). "'The burden is upon the appellant to provide us with a record which substantiates the claim of error.'" Id. (quoting Jenkins v. Winchester Dep't of Soc. Servs., 12

Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991)).  Therefore, "[w]e cannot review the ruling of a lower court for error when the appellant does not bring within the record on appeal the basis for that ruling or provide us with a record that adequately demonstrates that the court erred."  Prince Seating Corp. v. Rabideau, 275 Va. 468, 470-71, 659 S.E.2d 305, 307 (2008).

Here, the trial court clearly had the authority to order husband to designate a child as a beneficiary of all or a part of his existing life insurance policy.  Code § 20-108.1(D).  Thus, the trial court did not err as a matter of law by ordering husband to designate his son from this marriage as the beneficiary on his life insurance policy.  The only argument husband advances on appeal is that the insurance provision in the final decree is unfair to husband's other two children who were unrelated to wife.  However, the record does not contain any transcript, written order, or opinion letter denying his motion.  Therefore, nothing in the record indicates why the trial court did so.  Because husband cannot point to something in the record that establishes that the trial court abused its discretion, we must presume the trial court's order was correct.

### III.  CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.