COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


WILLIAM R. MURPHY, JR.

                                                MEMORANDUM OPINION[*]
v.        Record No. 1060-09-4                           PER CURIAM
                                                   NOVEMBER 24, 2009
COMMONWEALTH OF VIRGINIA,
  DEPARTMENT OF SOCIAL SERVICES,
  DIVISION OF CHILD SUPPORT ENFORCEMENT AND
  ELIZABETH ANNE MURPHY (n/k/a PAQUETTE)


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Gaylord L. Finch, Jr., Judge

            (Melinda L. VanLowe; Greenspun, Shapiro Davis & Leary, P.C., on
            brief), for appellant.

            (William C. Mims, Attorney General; Craig M. Burshem, Senior
            Assistant Attorney General; Beth J. Edwards, Regional Senior
            Assistant Attorney General; Nancy J. Crawford, Regional Senior
            Assistant Attorney General; Scott F. Weber, Assistant Attorney
            General, on brief), for appellee Commonwealth of Virginia,
            Department of Social Services, Division of Child Support
            Enforcement.

            (Darlene S. Lesser; Odin, Feldman & Pittleman, P.C., on brief), for
            appellee Elizabeth Anne Murphy (n/k/a Paquette).


        William R. Murphy, Jr. (father) appeals the trial court's ruling regarding child support

arrearages and attorney's fees to Elizabeth Anne Paquette (mother).  Father argues that the trial

court erred by (1) finding that the amount of child support arrears owed was $10,970 from August

3, 2007 to February 10, 2009; (2) ordering the commencement date of the amended child support to

be February 10, 2009, as opposed to November 18, 2008; and (3) ordering father to pay $7,000 for

mother's attorney fees.  Upon reviewing the record and briefs of the parties, we conclude that this

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

The parties married on May 16, 1987 and had two children, born July 5, 1989 and August 31, 1993. On February 27, 1997, the parties entered into a property settlement agreement, which was affirmed, ratified, and incorporated, but not merged, into a final decree of divorce on June 17, 1997. The final decree stated that father's child support obligation would be $998 per month for both children and would "continue to be paid for a child until that child reaches the age of eighteen or graduates from high school, whichever first occurs."

On July 5, 2007, the parties' oldest child became emancipated. On July 27, 2007, mother filed a rule to show cause, alleging that father failed to pay child support from January 5, 2007 to August 3, 2007, as well as unreimbursed medical expenses, health insurance costs, and extracurricular fees for the children. Father was found in contempt and incarcerated until he purged himself of the contempt.

On November 17, 2008, the Division of Child Enforcement (DCSE) filed a motion to intervene, reopen, modify support and remand on behalf of father. On November 19, 2008, mother filed a rule to show cause, alleging that father failed to pay $998 per month for child support from August 3, 2007 through November 2008, as well as unreimbursed medical expenses and health insurance costs.

On January 6, 2009, the trial court continued the matter to February 6, 2009 to allow father time to pay an additional amount toward the arrearage and determine whether a wage withholding order had been placed into effect.[1] On February 6, 2009, mother and father

---

[1] Father had paid $4,000 toward the arrears before the January 6, 2009 hearing.

confirmed that he had paid $2,000 toward the arrears. Father requested that the show cause

matter be consolidated with DCSE's motion, and the matter was continued to March 26, 2009.

On February 10, 2009, the parties agreed that the new amount of child support would be

$413 per month; however, they could not reach an agreement on the commencement date for the

new child support or attorney's fees. On March 26, 2009, the parties presented these two issues

to the trial court. The trial court ordered that the amended child support amount would begin on

February 10, 2009, so that father owed $10,970 in arrears from August 2007 to February 10,

2009. In addition to monies owed for unreimbursed medical expenses, father was ordered to pay

$7,000 of mother's attorney's fees. Father timely noted his appeal.

ANALYSIS

Arrearages

Father argues that the trial court erred in determining that the amount of child support

arrears was $10,970. The trial court calculated the arrears using the child support amount of

$998 per month for both children from August 2007 until February 10, 2009, even though the

oldest child became emancipated in July 2007.

The final decree provided for father's child support obligation as follows:

> a. Current Amount Due. Commencing as of the first day of
> January, 1997 and continuing each month thereafter, [father] shall
> pay to [mother], as and for child support for [W and K[2]], the sum
> of $998. Said sum shall be payable as follows: $460.62 per every
> two-week pay period. . . .
>
> b. Support recalculations. Each party acknowledges that each has
> the right to petition a court of competent jurisdiction for a
> re-determination of child support in accordance with the Virginia
> Code.
>
> c. Termination Dates. Said child support obligation shall continue
> to be paid for a child until that child reaches the age of eighteen or
> graduation from high school, whichever first occurs. However, if a

---

[2] We will use initials to refer to the children.

- 3 -

child is (i) a full-time high school student, (ii) not self-supporting, and (iii) living in [mother's] home, child support shall continue for that child until that child reaches the age of nineteen or graduates from high school, whichever first occurs.

Since the parties' oldest child was emancipated on July 5, 2007, father argues that the amount of arrears should have been limited to his failure to pay child support for his minor child since August 2007. By finding that the amount of arrears was $10,970, father contends the trial court required him to pay child support for his oldest child for more than one year past the child's emancipation.

Father argues that the 2003 amendment to Code § 20-109.1 supports his contention that the parties could modify the child support without court intervention.[3] However, Code § 20-109.1 does not apply in this case because there was no provision in the parties' agreement on how the parties were to modify child support once the oldest child became emancipated.

Furthermore, father contends the ruling in Shoup v. Shoup, 37 Va. App. 240, 556 S.E.2d 783 (2001) (en banc), applies and that the trial court should have allowed a reduction in child support pursuant to the parties' agreement. In Shoup, the parties' agreement provided, "'If there is any change in circumstances, *the parties* shall follow the child support guidelines in 20-108.2 of the Code of Virginia or its successor statute and any other relevant Virginia statutes and case law for determination of child support.'" Id. at 244 n.1, 556 S.E.2d at 785 n.1 (emphasis added). The Court upheld the parties' modification of child support without court approval because

a rule requiring parents to return to court for approval of a renegotiated amount of child support, as provided in an agreement that has been affirmed, ratified, and incorporated into an earlier decree, would undermine the Commonwealth's policy in favor of

---

[3] "Provisions in such agreements for the modification of child support shall be valid and enforceable. Unless otherwise provided for in such agreement or decree incorporating such agreement, such future modifications shall not require a subsequent court decree." Code § 20-109.1.

>prompt resolution of disputes concerning the maintenance and care of children upon divorce.

Id. at 253, 556 S.E.2d at 789.

However, unlike Shoup, there was no self-executing language for mother or father to determine child support once their oldest child became emancipated. The agreement in this case states, "Each party acknowledges that each has the right to petition a court of competent jurisdiction for a re-determination of child support in accordance with the Virginia Code." The agreement does not state that *the parties* may recalculate child support, nor does the agreement provide for how the child support is reduced upon a child's emancipation.

Even though the oldest child became emancipated in July 2007, father was obligated to continue to pay the full amount of child support until a court entered an order to modify the child support. See Johnson v. Johnson, 1 Va. App. 330, 333, 338 S.E.2d 353, 355 (1986) ("since this was a unitary award . . ., the husband's only remedy was to apply to the court for a modification of the decree upon a change of condition "(citations omitted)); see also Riggins v. O'Brien, 263 Va. 444, 448, 559 S.E.2d 673, 675 (2002) ("With the exception of terminating a non-unitary support award upon achieving majority, specifying future changes in the amount of child support is inappropriate because it does not allow the divorce court to determine child support based on contemporary circumstances.").

Therefore, the trial court did not err in calculating the amount of arrears owed because the agreement contained a unitary award and a statement that the parties could petition the court for a re-determination of child support. The agreement did not specify how the parties could recalculate child support when their oldest child became emancipated.

### Commencement date

Father argues that the trial court erred in establishing the commencement date of the amended child support as February 10, 2009, as opposed to November 17, 2008. DCSE filed its

motion to intervene, reopen, modify child support and remand on November 17, 2008. The parties reached an agreement on the amount of child support on February 10, 2009.

"No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification in any court, but only from the date that notice of such petition has been given to the responding party." Code § 20-108.[4] Therefore, the earliest date that the trial court could have considered for the commencement date of the new child support was November 17, 2008.

> "[W]hether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial court." O'Brien v. Rose, 14 Va. App. 960, 965, 420 S.E.2d 246, 249 (1992); see also Cirrito v. Cirrito, 44 Va. App. 287, 310, 605 S.E.2d 268, 279 (2004). The court's paramount concern when awarding child support is the best interest of the children. Code § 20-108; see also Riggins, 263 Va. at 447, 559 S.E.2d at 675; Conway v. Conway, 10 Va. App. 653, 658, 395 S.E.2d 464, 466-67 (1990) ("The court must consider the basic needs of the child, the parent's ability to pay, and to the extent that the parent is able to provide more than the basic necessities of life, the degree to which the child should reasonably share in his or her parents' prosperity.").

Stiles v. Stiles, 48 Va. App. 449, 456-57, 632 S.E.2d 607, 611 (2006).

The trial court did not abuse its discretion in establishing the commencement date for the amended child support as February 10, 2009, since that was the date that the parties reached their agreement and the petition was pending before the trial court.

---

[4] Father argues that Code § 20-108.1 applies and that the trial court should have found that the new child support began as of the date of the filing of DCSE's motion; however, Code § 20-108.1 applies to new petitions for child support, not modification of child support. See Cirrito v. Cirrito, 44 Va. App. 287, 309-10, 605 S.E.2d 268, 278-79 (2004) ("Code § 20-108.1 controls the award of child support payments. . . . Under Code § 20-108, the legislature gave the trial court the discretion in modifying support during the pendency of the petition. Such is not the case in Code § 20-108.1.").

Attorney's fees

Father argues that the trial court erred in awarding $7,000 to mother for her attorney's fees.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Father contends both parties should have been responsible for their own attorney's fees. Father explains that he did nothing to delay the resolution of the matter in the trial court and that he tried to settle the matter with mother for months. However, as mother noted, this matter was before the court on a second rule to show cause because father failed to pay child support. Mother had to go to court on several occasions to collect her funds because father requested continuances to make payments and to consolidate the cases. Mother also incurred attorney's fees when father filed a motion to quash her subpoena *duces tecum* to his employers. Mother presented attorney's fees affidavits, which showed that she incurred $6,039.24 for the rule to show cause, $2,716.50 for defending the motion to quash, and $5,081.50 for preparing for and defending DCSE's motion.

Considering the circumstances of this case, the trial court did not err, as the attorney's fees award was reasonable.

Mother also seeks an award of the attorney's fees and costs she incurred on appeal. However, because this litigation "addressed appropriate and substantial issues," and "neither party generated unnecessary delay or expense in pursuit of its interests," Estate of Hackler v.

Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004), we deny her request for an award of attorney's fees and costs she incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.