COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, McClanahan and Senior Judge Bumgardner
Argued at Alexandria, Virginia


KEITH A. STILES

                                                              OPINION BY
v.      Record No. 2659-05-4                 JUDGE ELIZABETH A. McCLANAHAN
                                                              AUGUST 1, 2006
PAMELA L. STILES


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                      Leslie M. Alden, Judge

              David L. Duff (The Duff Law Firm, on brief), for appellant.

              Erroll T. Moore (Robert A. Ades & Associates, P.C., on brief), for
              appellee.


        On September 30, 2005, the trial court modified Keith A. Stiles's child support

obligation.  He maintains the trial court erred in making the modification "retroactive to January

1, 2002."[1]  The father contends that Pamela L. Stiles's request for "retroactive modification" is

barred by *res judicata* and laches, and precluded by Code § 20-108.  Finding no reversible error,

we affirm.

                                           BACKGROUND

        We view the evidence in the light most favorable to the mother.  Mullin v. Mullin, 45

Va. App. 289, 299, 610 S.E.2d 331, 336 (2005).  The parties married in 1988, had two children

(b. 1987 and 1992), and were divorced by decree dated April 6, 1998.  The decree ordered the

father to pay monthly child support of $994 and monthly spousal support of $700.

---

        [1] The father does not contest the increase in the amount of child support.

The father was dismissed from his job on April 29, 1999, and filed a lawsuit against his employer for wrongful termination.[2] He filed a petition to reduce his child and spousal support obligations and, by order dated February 10, 2000, the trial court reduced his monthly payments to $657 and $350 respectively.

On December 26, 2000, the mother filed a Motion for Modification of Child Support and Alimony on the ground that the father had increased his income through other employment and "had been awarded $3.1 million dollars in a lawsuit." The cover letter that accompanied the petition to the clerk specifically requested that the case not be placed on the Court's docket "at this time." The petition was served on the father on January 5, 2001.

Acting *pro se*, the father filed a Motion to Terminate Alimony due to the mother's cohabitation. After an *ore tenus* hearing on May 9, 2001, the trial court terminated the father's obligation to pay spousal support.[3]

On August 15, 2001, the mother sought assistance from the Division of Child Support Enforcement to increase the father's child support obligation. DCSE refused to take her case because "the case was not old enough."

In December 2004, the mother again contacted DCSE. On April 15, 2005, DCSE filed a petition to intervene on her behalf and to modify child support. DCSE averred that financial hardship caused the mother to apply for food stamps and move out of her former home while the father's ability to pay substantially changed due to his $2.325 million settlement.

---

[2] On December 4, 2000, the father won a jury verdict of $3.1 million in the lawsuit, but the employer appealed. The parties settled the matter in June 2001, and the father received $2.325 million. As part of the settlement, he was re-hired for one month and then retired with 25 years of service. His retirement benefits of $3,300 per month commenced in December 2002.

[3] The father agreed, by letter dated July 12, 2001, to provide additional support for the children and moved to Florida at the end of August 2001. He does not seek credit for these nonconforming payments, but contends the court's child support award resulted in a windfall to the mother.

The father subsequently filed a petition to recalculate child support because the eldest child would be emancipated in July 2005, and he requested the trial court place the matter on the docket for August 31, 2005.

On August 24, 2005, the mother filed a Motion for Modification of Child Support requesting that the modified award be applied from December 2000, "the date on which her earlier Motion was filed, but never heard." She alleged that the father's "financial circumstances have materially changed since December 2000, which warrants an upward modification of his child support obligation."

After an *ore tenus* hearing on August 31, 2005, the trial court determined that the mother's claim for modification of child support "was not litigated back in May 2001" and the "Final Order" entered at that time "did not resolve the dispute about child support." The court modified child support as of January 1, 2002, and held the father in arrears in the amount of $42,282, plus interest at the judgment rate.

The father contends the trial court erred in finding that the mother's 2000 petition for modification of child support "remained alive" and in modifying child support "retroactive" to January 1, 2002. He maintains the mother's claim is barred by the doctrine of *res judicata* and asserts the defense of laches. Finally, he contends the trial court's "retroactive ruling" is contrary to the intent of Code § 20-108.

ANALYSIS

"We begin our analysis by recognizing the well-established principle that all trial court rulings come to an appellate court with a presumption of correctness. Thus, we will not invalidate a court's decree unless the only reasonable interpretation thereof requires invalidation." Riggins v. O'Brien, 263 Va. 444, 448, 559 S.E.2d 673, 675-76 (2002) (citation omitted).

- 3 -

The father maintains the mother's pleading seeking modification of child support was before the trial court at the 2001 hearing and its order, titled "Final Order," disposed of all claims that had been or could have been litigated at that time. He thus contends the order disposed of the pending child support modification claim before the court. As such, he argues the mother's current prosecution of that claim is barred by *res judicata* and laches. We disagree.

At the hearing, the trial court only addressed the father's motion to terminate spousal support based on the mother's cohabitation. There was no hearing, no consideration, and no adjudication of the mother's claim for modification of child support. The May 9, 2001 order specifically recited that "this cause came to be heard . . . on the Plaintiff's/Defendant's motion for [sic] terminate alimony." The trial court's order addressed only spousal support and gave only one directive, which related solely to that claim: "For all the reasons stated on the record, alimony payable to the [mother] is terminated." While the court's order was captioned "Final Order," it did not remove the case from the docket or end the cause. See Travis v. Finley, 36 Va. App. 189, 195, 548 S.E.2d 906, 909 (2001) (order was final as to determination of custody but not as to remaining claims regarding "contempt, visitation, child support, health insurance, attorney's fees and sanctions against mother"); Mina v. Mina, 45 Va. App. 215, 220, 609 S.E.2d 622, 625 (2005) (holding that trial court did not lose jurisdiction in divorce case to hear wife's claim for attorney's fees more than twenty-one days after entry of order on merits of property-related claim where court had earlier bifurcated the two claims for trial); see also Estate of Hackler v. Hackler, 44 Va. App. 51, 60-62, 602 S.E.2d 426, 430-31 (2004) (label of "Final Order" is not conclusive as to whether the matter is "still open").

We therefore conclude that the order adjudicating spousal support was not a final judgment with regard to child support, thus negating application of the *res judicata* bar. Unless there is a final judgment, *res judicata* is not applied. "[T]he party seeking to assert *res judicata*

. . . must prove that the [tribunal] rendered a final judgment in its favor." Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 128, 510 S.E.2d 255, 259 (1999) (*en banc*) (citing Straessle v. Air Line Pilots' Ass'n, Int'l, 253 Va. 349, 353, 485 S.E.2d 387, 389 (1997)). A judgment or decree, in turn, "'is final only when it disposes of the whole subject, gives all the relief that is contemplated and leaves nothing to be done by the court in the cause except its ministerial execution.'" Lewis v. Lewis, 271 Va. 520, 528 n.3, 628 S.E.2d 314, 318 n.3 (2006) (quoting Brooks v. Roanoke County Sanitation Auth., 201 Va. 934, 936, 114 S.E.2d 758, 760 (1960)).

The father also maintains that the mother was obligated to act upon her petition in a timely fashion and by having failed to do so for more than four years, she defaulted her 2000 request for modification. Thus, he argues, the trial court's child support ruling, from which he claims he was prejudiced, is barred by the defense of laches.

"'*Laches* is such neglect or omission to do what one should do as warrants the presumption that he has abandoned his claim, and declines to assert his right.'" Pittman v. Pittman, 208 Va. 476, 479, 158 S.E.2d 746, 749 (1968) (citation omitted). Laches is "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." Finkel Outdoor Prods., Inc. v. Bell, 205 Va. 927, 933, 140 S.E.2d 695, 699 (1965).[4]

---

[4] However, the defense does not apply to one who is "ignorant of [her] rights. . . . This defense is only permitted to defeat an acknowledged right on the ground that laches affords evidence that the right has been abandoned." Rutledge v. Rutledge, 204 Va. 522, 530, 132 S.E.2d 469, 475 (1963) (citation omitted). See also Craufurd v. Smith, 93 Va. 623, 631, 23 S.E. 235, 237 (1895) ("No lapse of time, no delay in bringing the suit, however long, will defeat the remedy in cases of fraud or mutual mistake, provided the injured party, during all this interval, was ignorant of the fraud or mistake without fault on his part.").

The mother asserted her right by filing the petition for modification of child support *and* serving it on the father in January 2001. She did not abandon her claim.[5] While the father contends the mother was required to exercise due diligence in pursuing her claim, the law requires the moving party to exercise "due diligence in the service" of a petition for support, and by implication a petition for modification of support, on the respondent. Peter N. Swisher, Lawrence D. Diehl, and James R. Cottrell, Family Law: Theory, Practice, and Forms § 10:2, 370 (2005). The father was served and had notice of her claim. Both parties could have, but did not, request the court to either address child support at the spousal support hearing or separately set the matter on the court's docket.

Whether to apply laches to an equitable claim is a matter left to the discretion of the trial court. While parties are not encouraged to sit on their rights, the father was aware of the pending claim and neither party asked the court to address it until 2005. Furthermore, while the petition was pending, no evidence was lost. Cf. Rowe v. Big Sandy Coal Corp., 197 Va. 136, 144, 87 S.E.2d 763, 768 (1955) (thirty-three year delay in asserting claim to land is "unreasonable delay" "without excuse" resulting in "the loss of material evidence" that disadvantaged other parties and warranted the court's "denial of equitable relief"). Consequently, the father was not prejudiced by the delay.

Finally, the father argues that the General Assembly could not have intended Code § 20-108 "to apply where a party serves a petition and, without justification or excuse, never acts on the same."[6] On the contrary, that code section clearly allows the trial court to modify child

---

[5] Moreover, the mother requested assistance from DCSE in 2001 to modify the child support award, but DCSE rejected her case.

[6] The father's third Question Presented is that "The intent of Code § 20-108.1 precludes the trial judge's retroactivity ruling." However, he conceded at oral argument that Code § 20-108 was the applicable statute.

support awards "with respect to any period during which there is a pending petition for modification in any court, but only from the date that notice of such petition has been given to the responding party." Code § 20-108; see also Riggins, 263 Va. at 447, 559 S.E.2d at 675. "[W]hether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial court." O'Brien v. Rose, 14 Va. App. 960, 965, 420 S.E.2d 246, 249 (1992); see also Cirrito v. Cirrito, 44 Va. App. 287, 310, 605 S.E.2d 268, 279 (2004). The court's paramount concern when awarding child support is the best interest of the children. Code § 20-108; see also Riggins, 263 Va. at 447, 559 S.E.2d at 675; Conway v. Conway, 10 Va. App. 653, 658, 395 S.E.2d 464, 466-67 (1990) ("The court must consider the basic needs of the child, the parent's ability to pay, and to the extent that the parent is able to provide more than the basic necessities of life, the degree to which the child should reasonably share in his or her parents' prosperity.").

The father was served with the petition in January 2001. The trial court considered the changed circumstances of the parties and the best interest of the children and modified support as of January 1, 2002. Code § 20-108. On this record, we cannot say the trial court abused its discretion or was plainly wrong in modifying the award while the mother's petition was pending.

### CONCLUSION

The trial court did not err in finding that neither *res judicata* nor laches barred its child support ruling. Accordingly, we affirm the court's modification of the child support award to January 1, 2002 and its finding that the father was in arrears in the amount of $42,282, plus interest.

Affirmed.