UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

SHELIA RENEA O'REILLY

MEMORANDUM OPINION[*]

v.      Record No. 0625-15-4                    PER CURIAM
                                                MAY 31, 2016

TIMOTHY PATRICK O'REILLY

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Carroll A. Weimer, Jr., Judge

(Shelia Renea O'Reilly, *pro se*, on brief).

No brief for appellee.

Shelia Renea O'Reilly (mother) appeals a final decree of divorce. Mother argues that the

trial court erred by entering the final decree of divorce because it contained errors and omissions

regarding child support and healthcare coverage for the children. Upon reviewing the record and

opening brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm

the decision of the trial court. See Rule 5A:27.

BACKGROUND

Mother and Timothy Patrick O'Reilly (father) married on July 6, 1996 and separated on

May 28, 2013. There were three children born of the marriage. The parties appeared before the

trial court for a resolution of the issues of custody, visitation, spousal support, and child support.

On January 26, 2015, the trial court issued its ruling from the bench. The trial court awarded

primary physical custody of the children to father. After reviewing the statutory factors, the trial

court awarded spousal support to mother. It then determined the total combined gross income

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

for the parties. Based on the combined gross income, the trial court calculated mother's income share as 30.8% and father's income share as 69.2%. It also calculated child support pursuant to the guidelines in Code § 20-108.2. The total child support obligation was $2,176. Mother's 30.8% share of the child support obligation was $670, and father's 69.2% share of the child support obligation was $1,506. The trial court deducted the SSDI that father received for the benefit of the children from mother's child support obligation. It then allowed father to credit the amount mother owed him for child support from his check to her for spousal support.

The final decree further stated that father would maintain the current health and hospitalization coverage for the children and that the parties would pay, according to their income percentages, all uninsured medical expenses for the children.

The trial court entered the final decree of divorce on March 16, 2015. Mother endorsed the final decree as "Seen and objected to for reasons to be submitted in writing by March 20, 2015." On March 18, 2015, mother filed her objections. This appeal followed.

ANALYSIS

I.

Mother argues that the trial court erred by entering the final decree of divorce, which omitted father's child support obligation of $1,506. She contends the trial court ordered him to pay that amount to her.

The trial court awarded primary physical custody of the children to father. In issuing its child support ruling from the bench, the trial court stated:

> The income shares for Mrs. O'Reilly is thirty-point-eight percent,
> Mr. O'Reilly is sixty-nine-point-two percent, on the schedule for
> basic child support from the table it finds a need – a child support
> need of two thousand, one hundred and seventy-six dollars, the
> child support obligation of each party according to that is
> Mrs. O'Reilly is six hundred and seventy dollars and Mr. O'Reilly
> is one thousand, five hundred and six dollars.

"The court's paramount concern when awarding child support is the best interest of the children." Niblett v. Niblett, 65 Va. App. 616, 624, 779 S.E.2d 839, 843 (2015) (quoting Stiles v. Stiles, 48 Va. App. 449, 456, 632 S.E.2d 607, 611 (2006)).

Code § 20-108.2 establishes the presumptive amount of child support and each parent's obligation. "The total monthly child support obligation shall be divided between the parents in the same proportion as their monthly gross incomes bear to their monthly combined gross income." Code § 20-108.2(G)(1). The noncustodial parent pays her portion of the child support to the custodial parent. See Code § 63.2-1900 ("'Noncustodial parent' means a responsible person who is or may be obligated under Virginia law for support of a dependent child or child's caretaker.").

Since mother is the noncustodial parent, she is obligated to pay her portion of the child support amount to father. Contrary to mother's assertion, the custodial parent does not pay his portion of child support to the non-custodial parent. Accordingly, the final decree of divorce does not contain any errors regarding child support payments.

II.

Mother argues that the trial court erred by entering the final decree of divorce because it included payments for the children's uninsured medical expenses, which were not discussed during the trial.

As noted above, the trial court calculated the parties' gross incomes and their respective gross income percentages at 69.2% and 30.8%. The final decree of divorce states that father will maintain the current health insurance coverage for the children. The final decree further provides, "The Plaintiff shall pay 69.2% of all uninsured medical expenses of the children and the Defendant shall pay 30.8%."

The trial court did not err by including a division of payment for the children's uninsured medical expenses. Code § 20-108.2(D) states:

> Except for good cause shown or the agreement of the parties, in addition to any other child support obligations established pursuant to this section, any child support order shall provide that the parents pay in proportion to their gross incomes, as used for calculating the monthly support obligation, any reasonable and necessary unreimbursed medical or dental expenses.

The record does not indicate that the parties entered into any other support agreements, and mother does not suggest that there was an alternate agreement regarding the children's uninsured medical expenses. Furthermore, she does not offer any "good cause" to contradict the division of the expenses.

Therefore, the trial court did not err by following the statutory language and including in the final decree the division of the children's uninsured medical expenses according to the parties' gross income percentages.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>