UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Decker, Malveaux and Senior Judge Annunziata

VIRGINIA C. WILSON

v.      Record No. 1738-16-3

DARICK A. DODSON

MEMORANDUM OPINION*
PER CURIAM
MARCH 14, 2017

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
R. Edwin Burnette, Jr., Judge

(Virginia C. Wilson, *pro se*, on brief).  Appellant submitting on brief.

No brief for appellee.

Virginia C. Wilson appeals a child support order.  Wilson argues that the trial court erred by deviating from the child support guidelines and not addressing the arrears.  Upon reviewing the record and opening brief, we affirm the decision of the trial court.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Niblett v. Niblett, 65 Va. App. 616, 622, 779 S.E.2d 839, 842 (2015) (quoting Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003)).

Wilson and Darick A. Dodson are the biological parents to one child.  On October 15, 2015, the City of Lynchburg Juvenile and Domestic Relations District Court (the JDR court) entered a child support order awarding Wilson $151.11 per month, as of May 1, 2015, for child support, and $5 per month toward arrears in the amount of $755.55.  On April 4, 2016, Wilson

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

filed a motion to amend and sought an increase in child support. On July 28, 2016, the JDR court entered an order awarding Wilson $170 per month, as of August 1, 2016, for child support, and $5 per month toward arrears.[1] The JDR court calculated the presumptive child support guidelines to be $338.35 per month, but found that the child support guidelines were "unjust or inappropriate." It held that a deviation was necessary because "father recently [was] released from incarceration, [and was] trying to make payments." Wilson appealed to the circuit court.

The parties appeared before the circuit court and offered evidence to calculate the child support guidelines. Dodson testified that after taking a leave of absence for one month in order to grieve his father's death, he had been working approximately thirty to forty hours per week. He testified that his average income was approximately $1,200 per month. He offered three paystubs from July 2016 to support his testimony. Dodson's paystubs indicated that he had money deducted from his pay in order to pay support for four other children. After hearing the evidence and argument, the circuit court stated that it would deviate from the child support guidelines because Dodson's "earning capacity was limited by his felony conviction." It further found that Dodson was "making a good faith effort to maintain employment" and that he was paying child support for four other children. The circuit court concluded that the presumptive child support guidelines were "unjust and inappropriate" and that the JDR court's "downward departure from the presumptive guidelines was appropriate under the circumstances." The circuit court entered a final order, which affirmed the JDR court's decision, on October 6, 2016. This appeal followed.

---

[1] The JDR court order stated that the amount of the arrears was "not addressed."

ANALYSIS

"The court's paramount concern when awarding child support is the best interest of the children." Niblett, 65 Va. App. at 624, 779 S.E.2d at 843 (quoting Stiles v. Stiles, 48 Va. App. 449, 456, 632 S.E.2d 607, 611 (2006)). Code § 20-108.2 established the presumptive child support guidelines and each parent's obligation. Code § 20-108.1 includes a list of factors that a court shall consider in rebutting the presumption.

Wilson argues that the circuit court erred by deviating from the presumptive child support guidelines. She contends the amount of child support awarded does not meet the child's needs. She further asserts that the circuit court emphasized Dodson's net income, instead of focusing on his gross income which is used for child support purposes.

Wilson did not include principles of law or legal authorities to fully develop her arguments. Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Wilson has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore, this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). We recognize that Wilson is proceeding *pro se*. However, "[e]ven *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that Wilson's failure to comply with Rule 5A:20(e) is significant, so we will not consider the assignment of error.  See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.