UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Senior Judge Frank

RADHWAN AL-HAMOOD

v.      Record No. 1192-20-3

MUROOJ R. AL SADOON

MEMORANDUM OPINION*
PER CURIAM
MARCH 23, 2021

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Thomas J. Wilson, IV, Judge

(Stephen R. Sofinski, on brief), for appellant.  Appellant submitting
on brief.

No brief for appellee.


Radhwan Al-Hamood (father) appeals a custody and visitation order.  Father argues that the

circuit court erred by "failing to order any visitation rights to [him] because the evidence did not

substantially show that it was not in the children's best interest to have contact with their father."

Upon reviewing the record and briefs of the parties, we conclude that the circuit court did not err.

Accordingly, we affirm the decision of the circuit court.

BACKGROUND[1]

"On appeal, we view the evidence 'in the light most favorable to the prevailing party

below and its evidence is afforded all reasonable inferences fairly deducible therefrom.'"  Bedell

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The record in this case was sealed.  Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised.  Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case.  The remainder of the previously sealed record remains sealed."  Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

v. Price, 70 Va. App. 497, 500-01 (2019) (quoting Bristol Dep't of Soc. Servs. v. Welch, 64 Va. App. 34, 40 (2014)).

Father and Murooj R. Al Sadoon (mother) married in Iraq in 2006. Mother and father are the biological parents to four children, born between 2007 and 2011. In 2013, the family moved to North Carolina. Father subjected mother and the children to family abuse, which ultimately led to his arrest in December 2016. In January 2018, father was convicted of "a felony for injuries inflicted on mother" and sentenced to fifty years in prison.

On November 19, 2019, father filed petitions for a determination of custody and visitation for each child. On March 2, 2020, the Rockingham/Harrisonburg Juvenile and Domestic Relations District Court (the JDR court) awarded sole legal and physical custody of the children to mother and awarded no visitation to father. The JDR court also prohibited father from contacting the children or mother. Father appealed to the circuit court.

On September 22, 2020, the parties appeared before the circuit court. Mother and the parties' oldest son testified about "the prior abusive behavior." The oldest son also testified that father committed "acts of violence" against himself, mother, and the other children. Neither mother nor the oldest son wanted any contact with father and his extended family. Two of the children were in counseling. Although there was evidence at the criminal trial two years earlier that the parties' children "missed" father, none of the children wanted to have contact with father at the time of the circuit court hearing. Mother, however, testified that she would allow the children to contact father "if and when" they felt comfortable and wanted to contact him.[2] Mother expressed concern about the children's well-being, especially because of the trauma they experienced.

_____

[2] The circuit court found that "one child ha[d] some ambivalence about future contact" with father.

Father testified that he was "a good father" and left Iraq to protect his family. Father testified that before his incarceration, he had helped the children "with computers, homework, provided a 'beautiful' birthday party at school for one, provided a 'toy room' for the children, and swears that his children will love him 'until death' and that 'anyone who speaks words against him to his children will be punished by God.'" Father explained that he wanted "to be deeply involved" with the children and also wanted his extended family to be a part of their lives.

After hearing the evidence and argument, the circuit court took the matter under advisement. On September 24, 2020, the circuit court issued a letter opinion, finding that mother was "in touch with the trauma and emotional damage done" to the children, while father was "out of touch in this regard and his wishes for custody [were] not rational." The circuit court awarded legal and physical custody of the children to mother. The circuit court ordered that father may not contact the children "unless he is first contacted by them or . . . mother." The circuit court further ordered that father could not have his extended family contact mother or the children. The circuit court entered an order memorializing its rulings. This appeal followed.

ANALYSIS

Father challenges the circuit court's visitation ruling. "We begin our analysis by recognizing the well-established principle that all trial court rulings come to an appellate court with a presumption of correctness." Wynnycky v. Kozel, 71 Va. App. 177, 192 (2019) (quoting Stiles v. Stiles, 48 Va. App. 449, 453 (2006)). "In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Id. at 193 (quoting Bedell, 70 Va. App. at 504). "A trial court's determination with regard to [custody and] visitation is reversible only upon a showing that the court abused its discretion." Id. (quoting Bedell, 70 Va. App. at 504).

Father argues that the circuit court erred in finding that it was in the children's best interests not to have any contact with him. Father emphasizes that he wanted to be involved in the children's lives and that he and his relatives "should be allowed to maintain the relationship with the children that ha[d] been established since the years they all lived together in Iraq."

"In determining the best interests of a child for purposes of custody or visitation, the Code mandates that the circuit court shall consider ten enumerated factors." Rubino v. Rubino, 64 Va. App. 256, 263 (2015) (citing Code § 20-124.3). A court "is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Sargent v. Sargent, 20 Va. App. 694, 702 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345 (1986)); see also Armstrong v. Armstrong, 71 Va. App. 97, 104-05 (2019). "Where the record contains credible evidence in support of the findings made by [the] court, we may not retry the facts or substitute our view of the facts for [that] of the trial court." Armstrong, 71 Va. App. at 105 (quoting Bedell, 70 Va. App. at 504).

The circuit court's letter opinion included its findings on the statutory factors. The circuit court found that father "subjected [mother] and [their] children to family abuse," which ultimately led to his conviction for "a crime of violence against . . . mother" and a fifty-year prison sentence. In addition, the circuit court found that mother was the parent who was "most concerned" about the children's emotional wellbeing and that father was "out of touch" with the trauma and emotional damage he caused the children. The circuit court specifically found that it was in the children's best interests for mother to be awarded sole custody and for father and his extended family not to have any contact with them unless mother or the children contacted him first. "Because the record contains evidence in support of the [circuit] court's findings, we are precluded from retrying the facts or reweighing the factors." Id. The circuit court did not abuse

its discretion in finding that it was in the children's best interests to award custody to mother and deny visitation to father.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

_Affirmed._