COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Senior Judge Annunziata
Argued by videoconference

PUBLISHED

SUFIAN DA'MES

v.      Record No. 0350-21-4

GADA DA'MES

OPINION BY
JUDGE MARY GRACE O'BRIEN
JANUARY 11, 2022

FROM THE CIRCUIT COURT OF CULPEPER COUNTY
Dale B. Durrer, Judge

Christian A. Brashear for appellant.

Monica J. Chernin (Law Offices of Monica J. Chernin, P.C., on
brief), for appellee.


Sufian Da'mes ("father") appeals an order increasing his child support obligation and

awarding attorney fees to Gada Da'mes ("mother"). Father challenges both the court's calculation

of his income and the attorney fees award.

BACKGROUND

The parties had three minor children when they divorced in June 2020. In February 2019,

before the divorce decree was entered, the court ordered father to pay $587 per month in child

support, calculated by applying the child support guidelines. *See* Code § 20-108.2(B).

In July 2020, father moved to modify his child support obligation because his income had

decreased, mother's employment had changed, and one child had reached the age of majority. Trial

was set for October 2020.

Because father failed to comply with discovery, the court granted mother's motion to

compel and continued the trial until February 3, 2021. The court took mother's request for attorney

fees under advisement and requested an affidavit to "determine an appropriate award." Mother's

counsel filed an affidavit reflecting $1,118.25 in attorney fees with the proviso that "[a]dditional fees and costs will be incurred after 5 PM October 8th, 2020, at a rate of $300 per hour."

At the February 2021 trial, the parties agreed that father was only required to pay child support for the two minor children, who at that time were seventeen and thirteen years old. However, the parties contested their respective incomes. Specifically, they disputed whether father's income should include an inheritance of approximately $600,000, which he had received since entry of the prior support order and deposited into a money market savings account. They also disputed whether his income should include proceeds from the sale of rental property.

The evidence established that mother earned $18.20 per hour working at a craft store. Father owned and managed rental properties. At the time of trial, he owned six properties, but only three were rented. Father introduced evidence of his monthly mortgage payments for the properties and documentation of the property taxes he paid in 2020. He also introduced an exhibit purporting to show rental receipts and expenses for the properties. The exhibit reflected that father's annual income was $9,669, or $805.75 per month.

In May 2020, father sold one of his rental properties and received $147,410 in net proceeds. He presented evidence that he applied $34,625 of the proceeds toward marital debts and was left with a balance of $112,785.

The court determined that father's income included both the $600,000 inheritance and the $112,785 balance from the sale of the rental property. The court rejected the argument that only interest from the inheritance could be considered income, noting that father had not invested the money and, therefore, "[t]he inheritance is producing no income, but surely could." Instead, finding that the inheritance "represents a substantial financial resource and merits consideration for the best interest of the children," the court "divide[d] the inheritance by the amount of years left until the last child reaches the age of majority, which is five years." Regarding proceeds from the rental property

sale, the court calculated that the balance of $112,785 constituted an additional monthly income of $9,388 over a twelve-month period.

Based on these figures, the court determined that father's monthly gross income was $20,193.75. It also found that mother's monthly gross income was $2,977. Pursuant to the child support guidelines, father's presumptive obligation was $2,247 per month, instead of his current obligation of $587 per month. The court found that this almost four-fold increase was "unjust." Therefore, the court deviated from the guideline amount, ordering father to pay child support of $795 per month. The court reasoned that "this increased amount reflects the significant amount of the inheritance but considers all of the factors enumerated in [Code § ]20-108.1, specifically factors (11), (12) and (15)."[1]

The court also "addresse[d] the issue of attorney's fees for the motion to compel." Mother's counsel had submitted an updated affidavit showing that $5,010 in fees and costs were incurred in the representation, and she attached a billing statement with "[f]ees and services highlighted in orange [that were] previously submitted fees for the [m]otion to [c]ompel." The court noted that father's failure to provide timely discovery required a continuance of the trial date, and it awarded mother $5,000 in attorney fees "for the [m]otion to [c]ompel."

ANALYSIS

A. Standard of Review

"The determination of child support is a matter of discretion for the circuit court, and therefore we will not disturb its judgment on appeal unless plainly wrong or unsupported by the

---

[1] These factors are the "[e]arning capacity, obligations, financial resources, and special needs of each parent;" the "[p]rovisions made with regard to the marital property under [the equitable distribution statute, Code §] 20-107.3, where said property earns income or has an income-earning potential;" and "[s]uch other factors as are necessary to consider the equities for the parents and children." Code § 20-108.1(B)(11), (12), (15).

- 3 -

evidence." *Niblett v. Niblett*, 65 Va. App. 616, 624 (2015) (quoting *Oley v. Branch*, 63 Va. App. 681, 699 (2014)). "Child support decisions . . . 'typically involve fact-specific decisions best left in the "sound discretion" of the trial court.'" *Id.* (quoting *Brandau v. Brandau*, 52 Va. App. 632, 641 (2008)).

Father contests both the court's interpretation of the term "income" as used in the child support statute and the court's treatment of certain funds as income when calculating his support obligation. "The issue of a party's income is a question of fact that we will not disturb unless it is plainly wrong or without evidence to support it." *Milam v. Milam*, 65 Va. App. 439, 462 (2015). However, "[i]interpreting a statute is a pure question of law that the Court reviews *de novo*." *Clearly v. Clearly*, 63 Va. App. 364, 369 (2014).

### B. Inheritance as Income

Father's first four assignments of error challenge the court's ruling that his $600,000 inheritance constituted income for purposes of computing his monthly child support obligation.

"[T]he starting point for a trial court in determining the monthly child support obligation of a party is the amount as computed by the schedule found in Code § 20-108.2(B)." *Oley*, 63 Va. App. at 689 (quoting *Richardson v. Richardson*, 12 Va. App. 18, 21 (1991)). "This amount 'varies according to the combined gross income of the parties and the number of children involved.'" *Id*. at 689-90 (quoting *Richardson*, 12 Va. App. at 21). Code § 20-108.2(A) establishes a rebuttable presumption that application of the schedule contained in the statute results in the correct amount of a child support award. *See Niblett*, 65 Va. App. at 625.

After determining the presumptive amount of support according to the schedule, the court may adjust the amount based on factors set forth in Code § 20-108.1(B). *Howe v. Howe*, 30 Va. App. 207, 214 (1999). "Deviations from the presumptive support obligation must be supported by written findings which state why the application of the guidelines in the particular case would be

- 4 -

unjust or inappropriate." *Id.* (quoting *Richardson*, 12 Va. App. at 21). Additionally, "[t]he court's paramount concern when awarding child support is the best interest of the children." *Stiles v. Stiles*, 48 Va. App. 449, 456 (2006).

Father argues the court erred in finding that the principal of his $600,000 inheritance "created a large one-time income event." He contends that only the interest from the principal amount of his inheritance should be treated as income.

"The amount of child support under the child support guidelines must be based on the parents' actual gross income." *West v. West*, 53 Va. App. 125, 135 (2008). Code § 20-108.2(C) defines gross income as:

> all income from all sources, and shall include, but not be limited to, income from salaries, wages, commissions, royalties, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits . . . , workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, veterans' benefits, spousal support, rental income, *gifts*, prizes or awards.

(Emphasis added).

This Court has held that "gifts" include inheritances that "should be considered in the gross income computation" for purposes of determining child support. *Goldhamer v. Cohen*, 31 Va. App. 728, 737 (2000). However, "[i]f the application of the guidelines after including the gift is unjust or inappropriate, [the court] may make written findings and deviate from the guidelines based on the statutory factors in Code § 20-108.1(B)." *Id.* In *Goldhamer*, a child support appeal, the evidence established that a parent received interest income from a trust she had inherited. *Id.* at 736. The court omitted the inheritance from the computation of the parent's gross income. *Id.*

This Court reversed. *Id.* at 737-38. We specifically held that gifts under Code § 20-108.2(C) include inheritances and constitute income even if irregular. *Id.* "The statute clearly includes irregular income in the gross income computation because gifts, prizes, or awards are

defined as gross income." *Id.*; *see* Code § 20-108.2(C). We acknowledged a court's authority to deviate from the presumptive guideline depending upon the liquidity of the inheritance income, its regularity, its use to reduce marital debts, and other factors. *Id.* at 737-38; *see* Code § 20-108.1(B)(15) (allowing for deviations from presumptive guidelines based on "other factors as are necessary to consider the equities for the parents and children").

Father contends that, under *Goldhamer*, only the interest on inherited property constitutes income for purposes of determining child support. We disagree. In *Goldhamer*, nothing indicated the trust's principal amount or when it was inherited; instead, the evidence showed that the parent received significant and specific interest payments. 31 Va. App. at 733-34. Father cannot avoid the central holding of *Goldhamer* — that "any inheritance is a gift" and is therefore "income" under Code § 20-108.2(C) — by focusing on the lack of interest accruing on the principal amount that he chose not to invest. *See id.* at 737. Nothing in *Goldhamer* precludes treating the inheritance principal itself as income, especially given a trial court's authority to deviate from the guidelines, as it did here, if the one-time income event constitutes an unjust increase in the monthly support obligation. *See* Code § 20-108.1(B); *Howe*, 30 Va. App. at 216.

Here, the court found that the inheritance was not only a substantial financial resource but also readily available to father and worthy of consideration for the children's best interest. *See Howe*, 30 Va. App. at 214-16 (holding that a father's one-time receipt of a $10,000 Christmas gift from his mother was income for child support purposes). Further, "when determining child support, the emphasis should be on including, not excluding, income especially where including the income more accurately reflects a parent's economic condition and financial circumstances for that year." *Id.* at 216.

Father also assigned error to the court's finding that he did not invest his inheritance, where the evidence showed that he deposited the funds into an interest-bearing money market savings

account. However, the court concluded that because the account only earned minimal interest, the investment was "producing no income, but surely could." Because these factual findings were not plainly wrong, we will not disturb them on appeal. *See Milam*, 65 Va. App. at 462.

Finally, father contends that the court abused its discretion by dividing the $600,000 inheritance over five years and attributing it to him as income until the youngest child reaches the age of majority.

We hold that the court did not abuse its discretion in distributing the inheritance over five years. The decision to apportion the inheritance was clearly in the children's best interest, because it contemplated consistent and ongoing support while they remained dependents. *See Stiles*, 48 Va. App. at 456. Because the court's decision was within the bounds of its discretion, we will not reverse it on appeal. *See id.* at 453 ("[W]e will not invalidate a court's decree unless the only reasonable interpretation thereof requires invalidation." (quoting *Riggins v. O'Brien*, 263 Va. 444, 448 (2002))).

## C. Income from Rental Property Sale

Father contends that the court erroneously attributed income to him from the May 2020 sale of his rental property. The court found that after father paid outstanding marital debts from the sale proceeds, the resulting balance of $112,785 constituted additional income for purposes of determining child support. Father argues that his income was "artificially inflated" because the court ignored the costs associated with acquiring the rental property.

Father moved to reduce his child support obligation due to a change in circumstances, and therefore it was his burden to prove that his income had decreased if he wanted the court to recalculate his obligation using a lower amount. *See Hatloy v. Hatloy*, 41 Va. App. 667, 672 (2003). "[W]hen a motion for modification of child support is before the court, the court may increase or decrease the amount of child support pursuant to the statutory guidelines, regardless of

the wording of the motion seeking modification and regardless of whether the other parent specifically requests such relief." *Milam*, 65 Va. App. at 454.

Here, father's evidence consisted of bank statements showing various mortgage payments for his rental properties and an exhibit showing an annual income of $9,669, based on his summary of income and expenses from the rental properties. Although the court accepted this evidence, it also found that father's gross income had, in fact, increased since the last child support order due to the unrebutted evidence of the funds he received from the May 2020 sale of the rental property and his receipt of the inheritance.

Father argues the court erred by including the "gross proceeds" from the sale of the rental property as income and not just the "gains as defined as income by the IRS." He contends that the court should have considered the original acquisition cost of the property and the costs of the improvements. However, father presented no evidence of those facts. A party's income is a question of fact. *Id.* at 462. Father had the burden to present evidence of these additional offsets. He did not do so.

In short, the court followed the procedures set out in Code § 20-108.2 to calculate the presumptive amount of child support, including ascertaining the gross income of both parties. In finding that father's increased income would result in an "unjust" guideline support amount, the court deviated downward based on factors in Code § 20-108.1(B). *See Howe*, 30 Va. App. at 214. Based on the record before us, we conclude that the court did not abuse its discretion in calculating father's monthly child support obligation.

D. Attorney Fees Award

Father contests the court's award of $5,000 in attorney fees to mother. He argues that because mother's attorney fees for the motion to compel were only $1,118.25, the court erred by awarding her $5,000.

On appeal, we review an award of attorney fees for an abuse of discretion. *Cirrito v. Cirrito*, 44 Va. App. 287, 299 (2004). A court abuses its discretion in three principal ways:

> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Everett v. Tawes*, 298 Va. 25, 40 (2019) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).

Following the motion to compel, mother's counsel filed an attorney fee affidavit for $1,118.25. At the conclusion of trial, mother's counsel introduced an updated affidavit for $5,010 incurred during the entire representation, and she highlighted which fees and services had been "previously submitted . . . for the [m]otion to [c]ompel." However, in its letter opinion, the court awarded wife fees of $5,000 for the motion to compel. Nothing in the record established that all of wife's attorney fees were directly attributable to father's failure to provide timely discovery. Because the award far exceeded the fees that were in evidence for the motion to compel, we find that the court abused its discretion. Accordingly, we remand the case for entry of an award not greater than the amount initially submitted for the motion to compel.

E. Appellate Attorney Fees

Father also requests that this Court award him attorney fees "as expended below and herein." Although father introduced an exhibit of his attorney fees, the record does not reflect that the trial court ever ruled on any request by father for an award of attorney fees. Rule 5A:18

precludes us from considering on appeal father's request for attorney fees that was never ruled on below. *See Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998) (declining to review an issue under Rule 5A:18 "because the trial court never ruled" and thus "there is no ruling for us to review on appeal").

Additionally, upon consideration of the merits of the case, we deny both parties' requests for appellate attorney fees. *See* Rule 5A:30(b); *Friedman v. Smith*, 68 Va. App. 529, 545-46 (2018).

CONCLUSION

We affirm the court's computation of father's income to determine his presumptive child support obligation pursuant to the statutory guidelines in Code § 20-108.2. We reverse the court's $5,000 attorney fees award for the motion to compel, and we remand the case for entry of an award not greater than the amount initially submitted for the motion to compel. We deny both parties' requests for appellate attorney fees.

*Affirmed in part, reversed in part and remanded.*