COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Fulton and Causey

DARRELL K. SAUNDERS,
  VINITA K. SAUNDERS AND
  THE ESTATE OF WILLIAM AND ETHEL BENTON
                                                    MEMORANDUM OPINION[*]
v.      Record No. 0899-22-1                           PER CURIAM
                                                       JULY 18, 2023
DEUTSCHE BANK NATIONAL TRUST COMPANY,
  AS TRUSTEE FOR CDC MORTGAGE CAPITAL TRUST 2003-HE3,
  MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2033-HE3,
  OCWEN LOAN SERVICING, LLC,
  SURETY TRUSTEES, LLC AND
  MCCABE, WEISBERG & CONWAY

              FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                         Marjorie A. Taylor Arrington, Judge

              (Darrell K. Saunders; Vinita K. Saunders, on briefs), *pro se*.

              (Leah S. Strickland; Troutman Pepper Hamilton Sanders LLP, on
              brief), for appellees Deutsche Bank National Trust Company, as
              Trustee for CDC Mortgage Capital Trust 2003-HE3, Mortgage
              Pass-Through Certificates, Series 2003-HE3 and Ocwen Loan
              Servicing, LLC.

              No brief for appellees Surety Trustees, LLC and McCabe, Weisberg
              & Conway.


        Darrell K. Saunders and Vinita K. Saunders (collectively "the Saunderses") appeal from a

final order in the Circuit Court of the City of Chesapeake ("circuit court") dismissing with prejudice

the Saunderses' amended complaint against Deutsche Bank National Trust Company ("Deutsche

Bank"), Ocwen Loan Servicing, LLC ("Ocwen"), Surety Trustees, LLC ("Surety"), and McCabe,

Weisberg & Conway ("McCabe") (collectively "the appellees"). The Saunderses' complaint

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

challenged the foreclosure of a property they had inherited. Deutsche Bank and Ocwen then removed the cause of action to federal court based on diversity jurisdiction. The Saunderses then filed an amended complaint resulting in the federal court remanding the matter to the circuit court. Following remand, the circuit court held that the amended complaint the Saunderses had previously filed in the federal court was operative in the circuit court and so it dismissed the amended complaint with prejudice. On appeal, the Saunderses challenge this holding.

After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, the circuit court's judgment is affirmed.

## I. BACKGROUND

In 2019, the Saunderses filed a complaint in the circuit court alleging that during a July 12, 2017 foreclosure sale, Deutsche Bank unlawfully purchased certain real property located at 2410 Haywood Avenue. The purchase was allegedly unlawful because the Saunderses had previously inherited the real property in 2016 from Ethel Benton. In addition to challenging the foreclosure sale, the Saunderses also sought $600,000 in compensatory damages and $6,000,000 in punitive damages. McCabe responded by filing a demurrer in the circuit court, alleging that the Saunderses were not entitled to injunctive relief and failed to state a claim upon which relief could be granted, including the Saunderses' claims for fraud, wrongful foreclosure, and breach of contract.

Deutsche Bank and Ocwen timely removed the cause of action, based on diversity jurisdiction, to the United States District Court for the Eastern District of Virginia (the "federal court"), and then filed a motion to dismiss the complaint in the federal court for failure to state a claim. The Saunderses responded by filing a motion to remand the case from the federal court back to the circuit court. The federal court denied the motion to remand before granting Deutsche Bank and Ocwen's motion to dismiss without prejudice and granting the Saunderses leave to file an

- 2 -

amended complaint. The Saunderses then filed an amended complaint in the federal court, in part, seeking to join a new party defendant, Surety, a company based in Virginia. The Saunderses also filed a second motion to remand the case back to circuit court based on the lack of complete diversity due to the addition of Surety, a Virginia company, as a defendant. The federal court subsequently granted the remand motion, resulting in the entire action being remanded back to the circuit court on November 15, 2021.

Following remand back to the circuit court, Deutsche Bank and Ocwen filed a demurrer to the Saunderses' amended complaint in which they argued that the remanded, amended complaint failed "to allege any plausible claim and should be dismissed with prejudice." The Saunderses filed a "Motion to Deny Demurrer," contending that they had not yet filed an amended complaint in the circuit court, making the filing of the demurrer premature. Deutsche Bank and Ocwen also filed a motion craving oyer, seeking to have certain public records and court filings, as well as the contract relevant to the Saunderses' claims, be deemed a part of the amended complaint. The Saunderses opposed the motion craving oyer, again arguing that they had not yet filed an amended complaint in the circuit court, and specifically asking the circuit court not to add any documents from the federal court to the complaint.

Deutsche Bank and Ocwen next filed a second demurrer and motion craving oyer, arguing that the remanded amended complaint the Saunderses previously filed in federal court was now the operative complaint in the action in the circuit court. Deutsche Bank and Ocwen filed an accompanying bench memorandum in support of their second demurrer, again arguing that the Saunderses' amended complaint filed in the federal court was the operative complaint in the circuit court matter. The Saunderses replied and asked the circuit court not to consider the amended complaint they filed in federal court as the operative complaint.

A hearing on their responsive pleadings was held on February 23, 2022.[1] The following day, the circuit court entered a written order holding that the Saunderses' amended complaint previously filed in the federal court was the operative complaint in circuit court and subject to demurrer. In the order, the circuit court denied the Saunderses' "motion to further amend the pleadings" without prejudice as well as the Saunderses' request for leave to amend at a later date, because the Saunderses "neither filed a written motion stating the amendments to be made and the reasons therefor, nor articulated such amendments or reasons in oral argument."

Deutsche Bank and Ocwen subsequently filed a notice of hearing on the previously filed demurrer to the amended complaint and motion craving oyer, setting the hearing for April 6, 2022. The day before the April 6 hearing, the Saunderses filed a "Motion to Amend Complaint" and a proposed amended complaint.

On April 6, 2022, the circuit court conducted a hearing on the motion craving oyer and the demurrer.[2] Following the hearing, the circuit court granted the motion craving oyer and sustained the demurrer to the Saunderses' amended complaint. The circuit court denied the Saunderses' motion for leave to amend and dismissed the amended complaint with prejudice against all parties named in the amended complaint. The Saunderses appeal.

## II. ANALYSIS

### A. *Standard of Review*

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

---

[1] The record does not include a transcript, or a written statement of facts in lieu of a transcript, from this hearing.

[2] The record does not include a transcript, or a written statement of facts in lieu of a transcript, from this hearing.

B. *The circuit court did not err in granting the appellees' motion craving oyer and denying the Saunderses' motion to amend.*

On appeal, the Saunderses contend that the circuit court erred in granting the appellees' motion craving oyer and by deeming the amended complaint they filed in the federal court as the operative complaint in the circuit court. The Saunderses also challenge the circuit court's denial of their motion to amend. We disagree with the Saunderses that the circuit court erred.

"We begin our analysis by recognizing the well-established principle that all trial court rulings come to an appellate court with a presumption of correctness." *Wynnycky v. Kozel*, 71 Va. App. 177, 192 (2019) (quoting *Stiles v. Stiles*, 48 Va. App. 449, 453 (2006)). "In challenging [a] court's decision on appeal, the party seeking reversal bears the burden to demonstrate error on the part of the trial court." *Sobol v. Sobol*, 74 Va. App. 252, 272-73 (2022) (quoting *Barker v. Barker*, 27 Va. App. 519, 535 (1998)). "The decision whether to grant leave to amend a complaint rests within the sound discretion of the trial court." *Kimble v. Carey*, 279 Va. 652, 662 (2010).

In denying the Saunderses' motion to amend, the circuit court opined that the Saunderses' proposed amended complaint contained no "substantive changes" from the amended complaint filed in the federal court and also contained a "nearly identical recitation of the alleged facts," except for some additional facts establishing their ownership interest in the property. The circuit court, however, had "already inferred that [the Saunderses] had an ownership interest in the property [before] the foreclosure," when the circuit court sustained Deutsche Bank and Ocwens' demurrer. Based thereon, the circuit court simply concluded that the Saunderses had failed to state a cause of action and that "the proposed amended pleading does nothing to change the [circuit c]ourt's analysis."

We have thoroughly reviewed the record, including the Saunderses' amended complaint filed in the federal court as well as the proposed amended complaint they sought to file following the remand of the case to circuit court. Based thereon, we conclude that the circuit court correctly

determined that the two pleadings were substantively identical. Accordingly, we find that the circuit court did not abuse its discretion in denying the Saunderses' motion to amend. It follows that the circuit court also did not abuse its discretion in granting the motion craving oyer because the amended complaint was based on the actions taken by the appellees during the foreclosure proceedings, and documents related to the foreclosure sale were relevant for consideration by the circuit court.

Finally, we note Saunders asked this Court "for lenience as far as procedures in this appeal." Although navigating procedure may impose understandable and unique burdens for *pro se* litigants, a party "who represents himself is no less bound by the rules of procedure and substantive law than a [party] represented by counsel." *Townes v. Commonwealth*, 234 Va. 307, 319 (1987) (citation omitted). "Even *pro se* litigants must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999).

III. CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

*Affirmed*.